UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RHONDA LANGSTON,

  Plaintiff,

-VS-                                        CASE NO.:

CAPITAL ONE BANK (USA) N.A. and
CLIENT SERVICES, INC.

  Defendants.

_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq*. ("FDCPA").

## INTRODUCTION

2.    The TCPA was enacted to prevent companies like CAPITAL ONE BANK (USA) N.A. ("Capital One") and CLIENT SERVICES, INC. ("Client Services") (referred to collectively hereinafter as "Defendants"), from invading American citizens' privacy and prevent abusive "robo-calls."

3.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

1

4.      "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their political information (not to mention their advertisements) [*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

5.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

6.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. The alleged violations described herein occurred in Santa Rosa County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

**FACTUAL ALLEGATIONS**

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pace, Santa Rosa County, Florida.

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Plaintiff is a "consumer" as defined in Florida Statute §559.55(8).

13. Defendant, CAPITAL ONE, is a Corporation and National Association with a principal place of business at 8000 Tower Crescent Drive, 16th Floor, Tysons Corner Drive, Virginia 22182, and which conducts business in the State of Florida.

14. Defendant, CAPITAL ONE, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors; including, but not limited to Defendant, CLIENT SERVICES.

15. Defendant, CLIENT SERVICES, is a Foreign Profit Corporation with a principal place of business at 3451 Harry S. Truman Boulevard, St. Charles, Missouri 63301, and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

16. Defendant, CAPITAL ONE, is a "creditor" as defined in Florida Statute §559.55(5).

17. Defendant, CLIENT SERVICES, is a "debt collector" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(6).

18. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

19. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (850) *** - 6943, and was the called party and recipient of Defendants' hereinafter described calls.

20. Defendants placed an exorbitant number of automated calls to Plaintiff's cellular telephone (850) *** - 6943 in an attempt to collect on a consumer debt.

21. On several occasions over the last four (4) years, Plaintiff instructed Defendants' agents to stop calling her cellular telephone.

22. Upon receipt of the calls from Defendant, CAPITAL ONE, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number: (800) 955-6600, and when that numbers is called, a pre-recorded message answers "Thanks for calling Capital One. Please say or enter your 16-digit card number."

23. Upon information and belief, some or all of the calls the Defendant, CAPITAL ONE, made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received, and because when she answered a call from the Defendant, she would hear either an extended pause before a representative would come on the line or a pre-recorded message instructing her to hold line the for the next available agent/representative.

24. Furthermore, some or all of the calls at issue were placed by the Defendant, CAPITAL ONE, using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

25. Upon receipt of the calls from Defendant, CLIENT SERVICES, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number: (636) 410-9139, and when that numbers is called, a pre-recorded message answers "If you know your party's extension, please press 1. For all other inquiries, please press 2. Or hold on the line for an agent. Thank you." The call is then transferred to a live agent who identifies him-/herself as an employee of Client Services.

26. Upon information and belief, some or all of the calls the Defendant, CLIENT SERVICES, made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received, and because when she answered a call from the Defendant, she would hear either an extended pause before a representative would come on the line or a pre-recorded message instructing her to hold line the for the next available agent/representative.

27. Furthermore, some or all of the calls at issue were placed by the Defendant, CLIENT SERVICES, using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

28. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendants attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

30. On or about December 21, 2016, Plaintiff received a call from the Defendant, CAPITAL ONE, met with an extended pause, eventually was connected to a live representative, told the agent that her husband was in the hospital, inquired about closing her account, explained that she was tired of non-stop calls and demanded that CAPITAL ONE stop calling her cell phone.

31. During the aforementioned phone conversation on or about December 21, 2016 with CAPITAL ONE's agent/representative, Plaintiff unequivocally revoked any express consent Defendants may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

32. Each subsequent call the Defendants made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

33. Each subsequent call the Defendants made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

34. Additionally, in or about January of 2017, due to continued automated calls to her aforementioned cellular telephone number from CAPITAL ONE, Plaintiff again answered a call from CAPITAL ONE, met with an extended pause, was eventually connected to a live agent/representative, and informed the agent/representative of CAPITAL ONE that she was unemployed due to her husband's illness, she had

previously informed them not to call her cellular phone, and again demanded that CAPITAL ONE cease placing calls to her aforementioned cellular telephone number.

35. Again, on or about March 23, 2017, due to continued automated calls to her aforementioned cellular telephone number from CAPITAL ONE, Plaintiff again answered a call from CAPITAL ONE, met with an extended pause, was eventually connected to a live agent/representative, and again demanded that CAPITAL ONE cease placing calls to her aforementioned cellular telephone number.

36. On or about June 9, 2017, Plaintiff received a call from the Defendant, CLIENT SERVICES, met with an extended pause, eventually was connected to a live representative, told the agent that she previously requested Capital One stop calling, and demanded that CLIENT SERVICES stop calling her cell phone.

37. Despite actual knowledge of their wrongdoing, Defendant, CAPITAL ONE, continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent CAPITAL ONE may have had to call her aforementioned cellular telephone number.

38. Further, Defendant, CLIENT SERVICES, continued the campaign of abuse, calling the Plaintiff in an effort to collect an alleged debt on behalf of CAPITAL ONE, despite not having her express consent to call her aforementioned cellular telephone number.

39. On at least five (5) separate occasions, Plaintiff has either answered a call from Defendants or returned a call to Defendants regarding her account, held the line to be connected to a live representative, and demanded that Defendants cease placing calls

to her aforementioned cellular telephone number. Her principal reason for answering these calls and making these demands of Defendants, CAPITAL ONE and CLIENT SERVICES, was the cumulative injury and annoyance she suffered from the calls placed by Defendants, CAPITAL ONE and CLIENT SERVICES. These injuries are further described in paragraphs 43 through 49 herein.

40. Each of the Plaintiff's requests for the harassment to end was ignored.

41. From about December 21, 2016 through the filing of this Complaint, Defendant, CAPITAL ONE, along with Defendant, CLIENT SERVICES calling on behalf of CAPITAL ONE, has placed approximately four hundred (400) actionable calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of twelve (12) calls from April 1, 2017 through April 12, 2017).

42. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

43. From each and every call placed without express consent by Defendants to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

44. From each and every call without express consent placed by Defendants to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendants' calls.

45. From each and every call placed without express consent by Defendants to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

46. Each and every call placed without express consent by Defendants to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

47. Each and every call placed without express consent by Defendants to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

48. Each and every call placed without express consent by Defendants to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

49. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, and aggravation.

50. Defendants' corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendants they do not wish to be called.

51. Defendants' corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

52. Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

53. Defendants have numerous complaints against it across the country asserting that their automatic telephone dialing systems continue to call despite being requested to stop.

54. Defendants have had numerous complaints against them from consumers across the country asking to not be called; however, Defendants continue to call these individuals.

55. Defendants violated the TCPA with respect to the Plaintiff.

56. Defendants willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## CAPITAL ONE
### (Violation of the TCPA)

57. Plaintiff incorporates paragraphs one (1) through fifty-six (56) above as if fully set forth herein.

58. Defendant, CAPITAL ONE, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular

telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

59.     Defendant, CAPITAL ONE, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
## CAPITAL ONE
### (Violation of the FCCPA)

60.     Plaintiff incorporates paragraphs one (1) through fifty-six (56) above as if fully set forth herein.

61.     At all times relevant to this action Defendant, CAPITAL ONE, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

62.     Defendant, CAPITAL ONE, has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

63.     Defendant, CAPITAL ONE, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

64. Defendant's, CAPITAL ONE's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**<u>COUNT III</u>**
**CLIENT SERVICES**
**(Violation of the TCPA)**

65. Plaintiff incorporates paragraphs one (1) through fifty-six (56) above as if fully set forth herein.

66. Defendant, CLIENT SERVICES, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

67. Defendant, CLIENT SERVICES, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CLIENT SERVICES for statutory damages, treble damages,

punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT IV
## CLIENT SERVICES
## (Violation of the FCCPA)

68. Plaintiff incorporates paragraphs one (1) through fifty-six (56) above as if fully set forth herein.

69. At all times relevant to this action Defendant, CLIENT SERVICES, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

70. Defendant, CLIENT SERVICES, has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

71. Defendant, CLIENT SERVICES, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

72. Defendant's, CLIENT SERVICES', actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CLIENT SERVICES for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
## CLIENT SERVICES

**(Violation of the FDCPA)**

73. Plaintiff incorporates paragraphs one (1) through fifty-six (56) above as if fully set forth herein.

74. Defendant, CLIENT SERVICES, has violated 15 U.S.C. § 1692(d)(5) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

75. Defendant, CLIENT SERVICES, has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

76. Defendant, CLIENT SERVICES, has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

77. Defendant, CLIENT SERVICES, has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

78. Defendant, CLIENT SERVICES, has violated 15 U.S.C. § 1692(g)(b) by failing to cease collection activity until debt collector obtains verification of the debt and such verification is mailed to the consumer by the debt collector.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant CLIENT SERVICES for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

s/*Shaughn C. Hill*
Shaughn C. Hill, Esquire
Florida Bar No.: 105998
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
SHill@ForThePeople.com
JSherwood@ForThePeople.com
Attorney for Plaintiff